1

2

3

4

5

6

7

8

9

10

11

12

13                    **UNITED STATES DISTRICT COURT**

14                       **DISTRICT OF NEVADA**

15

16  DARLENE THOMPSON,              )        3:07-cv-00011-HDM-VPC
                                   )
17              Plaintiff,         )
                                   )
18  vs.                           )        ORDER
                                   )
19  MICHAEL J. ASTRUE,             )
                                   )
20              Defendant.         )
    _____)
21

22      Before the court is the plaintiff Darlene Thompson's

23  ("plaintiff") motion for reversal of the Social Security

24  Administration's ("SSA") decision denying her application for

25  supplemental social security income ("SSI") benefits (#12).  The

26  defendant has responded and made a cross-motion to affirm the SSA

27  decision (#15).  The plaintiff has replied (#16).

28      Plaintiff filed an application for SSI on March 13, 2003,

                                  1

1 alleging disability based on her severe bi-polar disorder with

2 anxiety and depression.  (A.R. 50-53, 99, 102).  Her claim was

3 denied on October 27, 2003, (A.R. 39-41), and her request for

4 reconsideration was denied on March 24, 2004, (A.R. 42-47).

5 Plaintiff then requested a hearing, which was conducted before the

6 administrative law judge ("ALJ") on February 10, 2005.  (A.R. 32-

7 33, 48).  Plaintiff was unrepresented by counsel at the hearing.

8 (A.R. 214-17).  On June 18, 2005, the ALJ issued his decision

9 denying plaintiff's claim for SSI benefits.  (A.R. 25).  Plaintiff

10 appealed on August 15, 2005.  (A.R. 23).  The Appeals Council

11 denied plaintiff's request for review on November 13, 2006.  (A.R.

12 5-8).

13     An ALJ's determination of a social security claim must be

14 upheld if (1) it applied the proper legal standard, and (2) there

15 is substantial evidence in the record as a whole to support the

16 decision.  *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005);

17 *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).  The ALJ

18 determines whether a claimant is disabled by following a five-step

19 sequential process outlined in the regulations.  *See* 20 C.F.R. §

20 416.920.  Where a mental impairment is alleged, the ALJ is also to

21 employ a supplemental framework, the psychiatric review technique.

22 *Id.* § 416.920a.  Under § 416.920a, the ALJ must rate the claimant's

23 degree of functional limitation in four broad functional areas: (1)

24 activities of daily living; (2) social functioning; (3)

25 concentration, persistence, or pace; and (4) episodes of

26 decompensation.  *Id.* §§ 416.920a(b)(2),(c)(3).  Section 416.920a

27 further states that the ALJ "will document application of the

28 technique in the decision" and that "the written decision must

1  incorporate the pertinent findings and conclusions based on the

2  technique . . . . [and] must include a specific finding as to the

3  degree of limitation in each of the [four broad] functional areas .

4  . . ."  *Id.* § 416.920a(e); *see also Selassie v. Barnhart*, 203 Fed.

5  App'x 174, 176 (9th Cir. 2006) (unpublished disposition); *Rochin v.*

6  *Barnhart*, 204 Fed. App'x 601, 603 (9th Cir. 2006) (unpublished

7  disposition); *Dykstra v. Barnhart*, 94 Fed. App'x 449, 450 (9th Cir.

8  2004); *Taylor v. Massanari*, 19 Fed. App'x 664, 665 (9th Cir. 2001);

9  *Connor v. Barnhart*, 82 Fed. App'x 600, 601 (9th Cir. 2003); *Behn v.*

10  *Barnhart*, 463 F. Supp. 2d 1043 (C.D. Cal. 2006).

11       An ALJ in a social security case also has an "independent duty

12  to fully and fairly develop the record and to assure that the

13  claimant's interests are considered," particularly when the

14  claimant is unrepresented.  *Tonapetyan v. Halter*, 242 F.3d 1144,

15  1150 (9th Cir. 2001) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1288

16  (9th Cir. 1996)) (internal quotation marks omitted).  This

17  affirmative duty to supplement the record is triggered where the

18  ALJ finds the record to be incomplete or inadequate, where the

19  evidence is ambiguous, or where the ALJ relies on an expert opinion

20  that is based on ambiguous evidence.  *Webb v. Barnhart*, 433 F.3d

21  683, 687 (9th Cir. 2005).  The duty is heightened "where the

22  claimant may be mentally ill and thus unable to protect her own

23  interests."  *Tonapetyan*, 242 F.3d at 1150.

24       Plaintiff argues the ALJ erred by failing to document the

25  application of the psychiatric review technique in his decision.

26  The ALJ's decision does not contain specific findings as to the

27  degree of plaintiff's limitation in each of the four of the broad

28  functional areas as required by § 416.920a(e).  Rather, the ALJ

3

1  simply restated the findings of Drs. Doornink and Burke as to their

2  opinions of plaintiff's limitations and found that plaintiff did

3  not have marked limitations in three of the four functional areas.

4  The ALJ failed to make a specific finding as to plaintiff's degree

5  of limitation with respect to episodes of decompensation as

6  mandated by § 416.920(e).

7      Plaintiff also argues that the ALJ erred by failing to fully

8  develop the record.  Specifically, plaintiff claims that the ALJ

9  did not supplement the record after he determined that the opinion

10 of her treating psychologist, Dr. Steve Larsen, was not supported

11 by adequate medical evidence.  This lack of supporting medical

12 evidence was one of the reasons the ALJ did not give any weight to

13 Dr. Larsen's opinion.  While the record reflects that the ALJ,

14 through the Nevada Bureau of Disability Adjudication, requested and

15 reviewed plaintiff's records from Elko Community Mental Health

16 Center for the time period covering Dr. Larsen's treatment of

17 plaintiff, it does not reflect that he attempted to obtain any

18 records specific to Dr. Larsen or that he contacted Dr. Larsen for

19 additional records or to ascertain the basis of his opinion.  (*See*

20 A.R. 180).  It is unclear from the current record whether any such

21 medical records exist, and whether they would be located at Elko

22 Health Center or be in Dr. Larsen's possession.  The ALJ had a duty

23 to at least attempt to secure records from Elko Health Center

24 relating specifically to the seven exams of the plaintiff by Dr.

25 Larsen between March 2004 and June 2004, and if such records did

26 not exist at Elko Health Center, the ALJ should have made a

27 reasonable effort to contact Dr. Larsen to obtain whatever records

28 he may have had or to learn where any records might have been

4

1  located in relation to Dr. Larsen's examinations of the plaintiff.

2  Because the plaintiff was *pro se* before he ALJ and has alleged

3  mental illness, the failure of the ALJ to make specific findings as

4  required by § 416.920e and to fully develop the record in the

5  context of this case requires a remand.

6      Accordingly, the decision of the ALJ is reversed and this

7  action is remanded for further proceedings consistent with this

8  opinion.

9      DATED: This 20th day of May, 2008.

10

11  _____

    UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5